UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID G. S.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C25-5405-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ misevaluated the medical evidence and his testimony and incorrectly determined residual functional capacity (RFC). Dkt. 12 at 1. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 44 years old, attended some college, and has worked as a program aide and mail carrier. Tr. 40, 62-63, 818. Plaintiff applied for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income in January and June of 2022, respectively, alleging disability as of December 31, 2021. Tr. 20. Both applications were denied initially and upon reconsideration. *Id.* After conducting a hearing, ALJ Lawrence Lee found Plaintiff not

1  disabled in a January 30, 2024 decision. Tr. 20-37. The Appeals Council denied Plaintiff's
2  request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1-6.

### THE ALJ'S DECISION

The ALJ found Plaintiff has not engaged in substantial gainful activity since his alleged onset date; Plaintiff's type 1 diabetes mellitus with diabetic neuropathy, history of deep vein thrombosis on anticoagulation therapy with chronic edema, and obesity are severe impairments; these impairments did not meet or equal the requirements of a listed impairment, Tr. 23-27; Plaintiff retains the RFC to perform a full range of work at all exertional levels but must never work at unprotected heights and must change positions between sitting and standing every hour for 5-10 minutes without being off task, Tr. 27; Plaintiff cannot perform his past relevant work but as there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled. Tr. 34-35.

### DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold that of the Commissioner. *Id.*

Plaintiff contends the ALJ misevaluated the medical evidence and his testimony, leading to a deficient RFC determination and erroneous step five findings. Dkt. 12 at 1-2.

**A.**  **Medical Evidence**

1    Plaintiff contends the ALJ misevaluated the opinions of Kacie Hamreus, PA-C, Derek Leinenbach, M.D., Reginald Adkisson, Ph.D., and the prior administrative medical findings of Susan Clifford, M.D., and Prianka Gerrish, M.D. Dkt. 12 at 2-6.

The ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with the claimant, specialization, and others), but supportability and consistency are the most important factors. 20 C.F.R. §§ 404.1520c(b)(2), (c) (2017); 416.920c(b)(2), (c) (2017). The ALJ must explain how he or she considered supportability and consistency but need not explain how he considered other factors. *Id.* Supportability concerns how a medical source supports their opinion with relevant medical evidence; consistency concerns how a medical opinion is consistent with other evidence from medical and non-medical sources. *Woods v. Kijakazi,* 32 F.4th 785, 791-92 (9th Cir. 2022).

An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.* at 792. Conclusions alone are insufficient – "an ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)).

1.    **Kacie Hamreus, PA-C**

Ms. Hamreus, a non-examining physician's assistant, reviewed three records and opined Plaintiff was limited to sedentary work with moderate postural and motor skill restrictions in April 2022. Tr. 800. Ms. Hamreus assessed Plaintiff's diabetes, polyneuropathy, and deep vein thrombosis as marked (severity rating 4). Tr. 801. The ALJ found Ms. Hamreus's opinion unpersuasive. Tr. 33.

First, the ALJ noted two of the three records reviewed by Ms. Hamreus were from 2011 and 2012 and remote from the relevant period of disability. *Id.* Evidence predating the alleged period of disability is of limited relevance and is thus neither significant nor probative. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 1155, 1165 (9th Cir. 2008); *see also Burkett v. Berryhill*, 732 F. App'x 547, 551 (9th Cir. 2018). The ALJ reasonably found Ms. Hamreus's opinion less persuasive for being based on such evidence.[1]

The remaining record reviewed by Ms. Hamreus addresses an acute and isolated episode of deep vein thrombosis (DVT) which occurred approximately three months before the opinion was written. Tr. 799. The ALJ found records post-dating Ms. Hamreus's opinion showed Plaintiff's DVT had improved and no longer affected Plaintiff's functioning, despite experiencing occasional edema. Tr. 34. Indeed, at Plaintiff's most recent medical visit in August 2023, he reported to his provider that but for occasional swelling, he did not seem to be having symptoms anymore. Tr. 824. Evidence of improvement is a valid reason to discount a medical opinion. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

The ALJ also found Ms. Hamreus's opined motor skill restrictions inconsistent with reports of normal gait, strength, and range of motion throughout the relevant period in addition to normal upper extremity testing during a consultative examination in 2022. Tr. 33-34. The ALJ reasonably found these normal findings inconsistent with Ms. Hamreus's limitations. *See Hailey P. v. Comm'r of Soc. Sec.,* 2025 WL 1568118, at *3 (W.D. Wash. June 2, 2025) (recognizing

---

[1] The ALJ stated "[s]upport for the assessment is not at issue, as Ms. Hamreus did not examine the claimant but simply reviewed the referenced records." Tr. 34. However, the relevance of evidence relied upon by a medical source is a supportability consideration. *See Woods*, 32 F.4th at 791-92. Thus, though not articulated as such, the ALJ considered the supportability of Ms. Hamreus's opinion in finding it unpersuasive. *See Phillips v. Bisignano,* 2025 WL 3090746, at *1 (9th Cir. Nov. 5, 2025) (noting the ALJ questioned supportability of a medical opinion where it pre-dated the relevant disability period).

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 4

1  discrepancies between severe limitations and normal findings in strength, range of motion, gait,

2  and station).

3    Plaintiff argues his continuing edema supports the limitation to sedentary work opined by

4  Ms. Hamreus. Dkt. 12 at 2-3. This argument "fails to engage in any meaningful manner with the

5  reasons and record citations provided by the ALJ with respect to the challenged evidence."

6  *Andrew H. v. Comm'r of Soc. Sec.,* 2025 WL 2930930, at *3 (W.D. Wash. Oct. 15, 2025).

7  Simply asserting a symptom supports the limitations opined by Ms. Hamreus without addressing

8  the specific reasons provided by the ALJ for discounting her opinion does not establish harmful

9  error. The Court accordingly will not disturb the ALJ's assessment of Ms. Hamreus's opinion.

10   **2. Derek Leinenbach, M.D.**

11   Dr. Leinenbach performed a consultative examination on October 6, 2022, and opined

12 Plaintiff can stand/walk for 6 hours in an 8-hour workday, occasionally balance, and can never

13 work at unprotected heights due to peripheral neuropathy. Tr. 814-15. The ALJ found Dr.

14 Leinenbach's opinion partially persuasive because it was supported by his unremarkable clinical

15 findings and consistent with the record as a whole. Tr. 32. However, the ALJ found it "more

16 reasonable to assess no specific standing/walking limitations but to find the claimant must be

17 able to change positions between sitting and standing every hour for 5-10 minutes[.]" *Id.* The

18 ALJ also rejected Dr. Leinenbach's assessed balancing limitations because Plaintiff's gait was

19 stable, he could walk on his heels and toes, could squat without assistance, had a negative

20 Romberg test, and his proprioception was intact. Tr. 32.

21   Plaintiff argues the ALJ erred by engaging in lay speculation about Plaintiff's limitations

22 and, "it is more reasonable to fully accept [Plaintiff's] testimony about his *actual* edema-related

23 symptoms and limitations[.]" Dkt. 12 at 3. Assuming without deciding the ALJ erred in rejecting

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 5

some of Dr. Leinenbach's limitations for his own, Plaintiff has failed to establish such error was harmful because the ultimate disability determination would not have changed even if the ALJ fully adopted Dr. Leinenbach's opinion. *See Molina,* 674 F.3d at 1122 (an error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination).

At the hearing, the vocational expert opined Plaintiff could work as a hand packager (medium), subassembler (light), or routing clerk (light). Tr. 77. A limitation to 6 hours of standing/walking in an 8-hour workday is consistent with the requirements of light and medium work, SSR 83-10 at *6, and none of these jobs require more than occasional balancing. *See Dictionary of Occupational Titles (DOT)* 920.587-018 (packager, hand); 729.684-054 (subassembler); 222.687-022 (routing clerk). Thus, Plaintiff could still perform the identified jobs with an RFC fully incorporating Dr. Leinenbach's limitations and the ALJ's ultimate nondisability determination would not be disturbed.

Plaintiff's assertion it would be "more reasonable" to fully accept his testimony is unpersuasive. However reasonable Plaintiff's interpretation of the evidence may be, "[w]here the evidence is susceptible to more than one rational interpretation, one of which support's the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas,* 278 F.3d at 954. Nothing Plaintiff has presented undermines the reasonableness of the ALJ's evaluation of Dr. Leinenbach's opinion and the Court accordingly upholds it.

### 3. Reginald Adkisson, Ph.D.

Dr. Adkisson conducted a psychological evaluation of Plaintiff on October 15, 2022. Tr. 817-21. Dr. Adkisson diagnosed major depressive disorder and, despite mild limitations in adaption and understanding and memory, found that Plaintiff's prognosis was good for behavioral health and the ability to sustain employment. Tr. 820-21. The ALJ found Dr.

Adkisson's opinion persuasive because it was supported by his clinical findings and consistent with the record as a whole. Tr. 26. Plaintiff argues the ALJ erred contending Dr. Adkisson's opinion was inconsistent with his own examination findings because his opinion "does not account for the functional effects of his findings of impaired memory and concentration." Dkt. 12 at 4.

Dr. Adkisson opined Plaintiff was mildly limited in the area of understanding and memory, but Plaintiff presented with functional memory management for the completion of essential tasks and to maintain gainful employment. Tr. 821. During the mental status examination, Dr. Adkisson noted Plaintiff had fair memory for recent and remote events. Tr. 819. Although Plaintiff was unable to remember any of three objects after five minutes, he could recall a past event of playing football in high school. *Id.* Plaintiff incorrectly completed a forward digit span and refused to attempt a backwards digit span. *Id*. Plaintiff does not explain, and the Court cannot discern, how these findings are inconsistent with Dr. Adkisson's opinion.

Dr. Adkisson opined Plaintiff was able to concentrate and persist to complete essential tasks and maintain gainful employment but noted Plaintiff "made minimal efforts to persist secondary to a lack of interest to complete certain evaluation tasks." Tr. 821. On examination, Plaintiff refused to complete serial threes or computational tasks but was able to spell the word "world" correctly forwards and backwards, follow a three-step command, and did not display difficulty in following the conversation. Tr. 819-20. Dr. Adkisson therefore made no findings of impaired concentration, which is consistent with his opinion Plaintiff had no limitations in this area. Plaintiff's argument the ALJ failed to account for such nonexistent findings therefore fails.

  **4.**  **Other Medical Evidence**

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 7

Plaintiff summarizes various treatment notes and concludes such evidence undermines the ALJ's rationale for rejecting his testimony about his edema-related limitations and fatigue. Dkt. 12 at 4-6. Summaries of evidence unaccompanied by analysis or legal argument do not demonstrate harmful error. *See Putz v. Kijakazi,* 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (noting where plaintiff "lists numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted; any argument based on these findings is waived").

### 5. Prior Administrative Medical Opinions

In April 2022, state agency medical consultant Susan Clifford, M.D., found Plaintiff could occasionally lift/carry 50 pounds and frequently lift/carry 20 pounds; stand/walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; and frequently climb ramps, stairs, ladders, ropes, and scaffolds. Tr. 139-41. Upon reconsideration in October 2022, Prianka Gerrish, M.D., opined Plaintiff could occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds; stand/walk for 6-hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally kneel and crouch; and needed to avoid even moderate exposure to hazards such as machinery and heights. Tr. 154-55.

The ALJ found the prior administrative findings unpersuasive because they were inconsistent with the record which showed consistently normal gait, strength, and range of motion and an ability to balance despite dulled sensation in the bilateral ankles and feet. Tr. 33. Plaintiff argues that contrary to the ALJ's analysis, the evidence shows he is more limited than he was found to be by Dr. Clifford and Dr. Gerrish. Dkt. 12 at 6. Plaintiff's general assertion, absent further explanation, is insufficient for judicial review. *Indep. Towers of Wash. v.*

*Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("We require contentions to be accompanied by reasons.").

Essentially, Plaintiff's arguments present an alternative interpretation of the medical evidence in a light more favorable to his claims. However, Plaintiff has failed to show reversible error in the ALJ's equally rational interpretation, and "[w]hen the evidence can rationally be interpreted in more than one way, the court must uphold the [ALJ's] decision." *Ahearn v. Saul,* 988 F.3d 1111, 1115-16 (9th Cir. 2021) (quoting *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir. 2001)).

### 6. Plaintiff's Symptom Testimony

Plaintiff testified he could not work because of diabetic neuropathy and chronic edema. He stated he will have numbness and tingling in his lower body that sometimes gets bad. Tr. 56. When he has bouts of severe edema, he stated it can be hard to walk because his legs will feel very swollen and it will take a few days for the swelling to go down, and wearing compression stockings doesn't always help. Tr. 57. Plaintiff testified his edema is triggered by sitting down a lot and not being active, and he tries to combat it by elevating his legs. Tr. 59. He estimated his edema gets bad about once per month Tr. 60. When asked by the ALJ whether he has tried looking for another job, Plaintiff stated he could not find a job because he doesn't have a vehicle and doesn't have the skills for online jobs. Tr. 61-62.

Plaintiff also testified since he got COVID, he feels like his energy is limited. Tr. 65. He estimated on a typical day during normal work hours, he spends an average of 2-4 hours laying down and resting because of fatigue and pain and swelling in his legs. Tr. 72-73. Plaintiff stated when he tries to stand for too long his lower back starts aching and his legs get tired. Tr. 70. He estimated he could stand for a maximum of two hours before he would need to sit down for five

to ten minutes. Tr. 70-71. When asked if he could complete an 8-hour workday split into 2-hour blocks with rest, he was doubtful, explaining if he was standing and working, he would be using more energy. *Id.* Plaintiff testified he also has difficulties sitting in a chair for long periods of time if it is unpadded, and he must move around a little restore his circulation. Tr. 67-68. Plaintiff also testified he struggles with numbness in his hands that comes and goes which sometimes causes him to drop things. Tr. 74.

The ALJ found Plaintiff's impairments could reasonably be expected to cause his symptoms and did not find malingering. Tr. 28. The ALJ was thus required to provide clear and convincing reasons to discount his testimony. *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001). "General findings are insufficient; rather, an ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's credibility finding must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Plaintiff argues the ALJ's evaluation of his testimony was tainted by his improper evaluation of the medical evidence. Dkt. 12 at 7. This argument fails to establish error because the ALJ properly evaluated the medical evidence, as discussed above.

Plaintiff further argues the ALJ erred by providing a selective summary of the medical evidence before finding his RFC determination was consistent with the record. Dkt. 12 at 7-8 (citing *Brown-Hunter,* 806 F.3d at 489). The Court disagrees. Here, the ALJ summarized the medical evidence and Plaintiff's allegations and stated specifically what evidence undermined his testimony. Tr. 28-32. "The ALJ's explanation for [his] assessment of [Plaintiff's] testimony

was thus more than a single general statement that the claimant's statements are not credible and is sufficient to allow appellate review." *Nadon v. Bisignano,* 145 F.4th 1133, 1137 (9th Cir. 2025) (distinguishing *Brown-Hunter*, 806 F.3d at 493).

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical record. Tr. 28. Plaintiff contends this statement shows the ALJ "misappl[ied] the objective evidence test." Dkt. 12 at 7. Plaintiff asserts that once he showed he had medical impairments that could reasonably be expected to cause some degree of his symptoms and limitations, the ALJ could not reject his testimony based solely on whether objective evidence supports the degree of limitation alleged. *Id.* While a lack of supporting objective medical evidence cannot be the sole reason an ALJ discounts a claimant's testimony, it is a relevant factor the ALJ can consider in his analysis. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). And "[w]hen objective medical evidence is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi,* 53 F.4th 489, 498 (9th Cir. 2022).

The ALJ noted Plaintiff frequently denied fatigue at medical visits and never told his providers he had to lie down during the day, despite his testimony that he needed to lie down for several hours per day due to fatigue. Tr. 31. Plaintiff asserts this is not a convincing reason to reject his testimony. Dkt. 12 at 8. This conclusory assertion fails to establish the ALJ erred. Moreover, a claimant's failure to report symptoms to providers is a valid basis to find the claimant's symptom allegations unreliable. *Greger v. Barnhart,* 464 F.3d 968, 972-73 (9th Cir. 2003); *see also Foote v. Comm'r of Soc. Sec.*, 2017 WL 6940704, at *16 (E.D. Wash. Sept. 21, 2017) (aff'd *sub nom Foote v. Berryhill*, 747 F. App'x 636 (9th Cir. 2019)) (upholding ALJ's rejection of testimony where plaintiff rarely reported his need to lie down during the day to his

providers). Thus, the ALJ could reasonably conclude Plaintiff's failure to report his symptoms undermined his claims of fatigue.

The ALJ explained no exertional, postural, or environmental limitations were established (but for the limitation regarding unprotected heights) because Plaintiff rarely reported pain and consistently displayed normal strength, gait, and range of motion. Tr. 30-31. The ALJ also found there was insufficient evidence supporting the need for Plaintiff to elevate his legs because Plaintiff only mentioned needing to do so at one appointment, and his provider did not endorse the practice or comment on it in any way. Tr. 31. Plaintiff argues these were not clear and convincing reasons for rejecting his testimony. Dkt. 12 at 8-9. Again, such conclusory assertions fail to demonstrate error in the ALJ's analysis. And, as mentioned, an ALJ may discount claimant testimony where it is inconsistent with the medical evidence and may also consider a lack of supporting medical evidence. *See Smartt*, 53 F.4th at 498; *Rollins*, 261 F.3d at 857. The ALJ could rationally find that frequent normal findings warranted no exertional, postural, or environmental limitations and he was permitted to consider the lack of evidence supporting Plaintiff's need to elevate his legs.

Plaintiff also provides a four-page summary of his hearing testimony and concludes the ALJ improperly rejected this testimony, which shows he is more limited than the ALJ found him to be. Dkt. 12 at 10-14. Summaries of evidence and conclusory statements unaccompanied by analysis or legal arguments are insufficient to demonstrate harmful error. *Sekiya v. Gates,* 508 F.3d 1198, 1200 (9th Cir. 2007).

In sum, the ALJ gave multiple clear and convincing reasons, based on substantial evidence in the record, for discounting Plaintiff's testimony, and Plaintiff has failed to show harmful legal error in the ALJ's assessment.

### 7. Residual Functional Capacity

Plaintiff asserts the ALJ erred in formulating the hypothetical for the VE by failing to include all of Plaintiff's limitations. Dkt. 12 at 14. This argument stems from other alleged errors the Court has rejected and therefore fails. *St. Clair v. Saul,* 776 F. App'x 447, 448 (9th Cir. 2019) (mem.).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 8th day of December, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge